UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION
www.flnb.uscourts.gov

In re:                                              Chapter 11

PRIORIA ROBOTICS, INC.                   Case No. 18-10018-KKS

      Debtor.
_____/

**DEBTOR'S APPLICATION FOR
AUTHORIZATION TO EMPLOY STICHTER, RIEDEL, BLAIN &
POSTLER, P.A. AS COUNSEL FOR DEBTOR IN POSSESSION,
*NUNC PRO TUNC* TO PETITION DATE AND TO PAY A RETAINER**

PRIORIA ROBOTICS, INC., as debtor and debtor in possession (the "**Debtor**"), respectfully requests that this Court authorize the employment of Stichter, Riedel, Blain & Postler, P.A. ("**Stichter Riedel**") as counsel for the Debtor in the above-captioned case, *nunc pro tunc* to the Petition Date (as defined below) and to pay a retainer. In support of the application, the Debtor respectfully represents as follows:

**Jurisdiction and Venue**

1.    This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this Application is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory predicates for the relief requested herein are Section 327(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

## Background

3. On January 29, 2018 (the "**Petition Date**"), the Debtor filed its Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

4. The Debtor continues to operate its business and manage its property as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. The Debtor is a pioneer in the development of robotics, next-generation autopilot systems, data analytics, expert vision processing and embedded intelligence that enables real time autonomous decision making capabilities in its platforms. Customers include multiple United States Department of Defense agencies, foreign militaries, United States government agencies (NASA, DARPA), commercial mining/aggregate companies, and survey companies.

## Relief Requested and Grounds for Relief

6. The Debtor desires to employ Stichter Riedel to represent it in this case.

7. All of the attorneys at Stichter Riedel are qualified to practice in this Court and are qualified to advise the Debtor on its relations with, and responsibilities to, the creditors and other interested parties in this case. Stichter Riedel has substantial experience in representing debtors in Chapter 11 bankruptcy cases.

8. The services to be rendered by Stichter Riedel include, but are not limited to, the following:

    a. rendering legal advice with respect to the Debtor's powers and duties as debtor in possession, the continued operation of the Debtor's business, and the management of its property;

    b. preparing on behalf of the Debtor necessary motions, applications, orders, reports, pleadings, and other legal papers;

    c. appearing before this Court and the United States Trustee to represent and protect the interests of the Debtor;

    d. assisting with and participating in negotiations with creditors and other parties in interest in formulating a plan of reorganization, drafting such a plan and a related disclosure statement, and taking necessary legal steps to confirm such a plan;

    e. representing the Debtor in all adversary proceedings, contested matters, and matters involving administration of this case;

    f. representing the Debtor in negotiations with potential financing sources and preparing contracts, security

    instruments, or other documents necessary to obtain financing; and

  g. performing all other legal services that may be necessary for the proper preservation and administration of this Chapter 11 case.

9. It is necessary for the Debtor to employ counsel to perform the above-mentioned services.

10. To the best of the Debtor's knowledge, neither Stichter Riedel nor its attorneys has any connection with non-insider creditors of the Debtor, other parties in interest, or their respective attorneys. Neither Stichter Riedel nor its attorneys represent any interest adverse to the Debtor or to the estate with respect to the matters upon which it is to be employed by the Debtor.

11. The Debtor has agreed to compensate Stichter Riedel on an hourly basis in this case in accordance with Stichter Riedel's ordinary and customary rates which are in effect on the date the services are rendered, subject only to approval of this Court. The Debtor understands that Stichter Riedel's hourly rates are subject to periodic adjustments to reflect economic and other conditions.

12. The Debtor is filing a motion to obtain financing to pay Stichter Riedel a retainer of $30,000.00 (the "**Retainer**") and this application requests authority to pay the Retainer to Stichter Riedel.

13. The Debtor has also agreed to reimburse Stichter Riedel for the actual and necessary expenses Stichter Riedel incurs in connection with this representation.

14. Attached to this Application as **Exhibit A** and incorporated herein by reference is the Affidavit of Scott A. Stichter demonstrating that Stichter Riedel and its attorneys are disinterested as required by Section 327(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

15. Bankruptcy Rule 6003 provides that, except to the extent that relief is necessary to avoid immediate and irreparable harm, the Court shall not, within twenty (20) days after the filing of the voluntary petition, grant relief regarding an application under Bankruptcy Rule 2014. The Debtor submits that, absent representation by Stichter, Riedel as of the Petition Date, it will suffer immediate and irreparable harm because it needs representation by counsel to proceed in this Court. Therefore, pursuant to Bankruptcy Rule 6003, interim relief is appropriate pending final approval of this Application. Consequently, the Debtor requests that the Court enter an order approving this Application subject to any party in interest filing an objection and request for hearing prior to or on the 20th day after the Petition Date and, if no such objection and request for hearing is timely filed with the Court, providing that such order shall become final on the 21st day after the Petition Date.

16. If the Court should find that interim relief pursuant to Bankruptcy Rule 6003 is inappropriate, the Debtor respectfully requests that the retention of Stichter, Riedel be approved *nunc pro tunc* as of the Petition Date.

WHEREFORE, the Debtor respectfully requests that this Court enter an order approving this application *nunc pro tunc* to the Petition Date; authorizing the Debtor to employ Stichter Riedel and its attorneys as counsel for the purposes set forth in this application *nunc pro tunc* to the Petition Date; authorizing the Debtor to compensate Stichter Riedel for services rendered and reimbursement of costs upon application to and approval by this Court; authorizing the payment of the Retainer; and providing such other and further relief as is just.

PRIORIA ROBOTICS, INC.

By: _____
Stephen Turner, President

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Debtor's Application for Authorization to Employ Stichter, Riedel, Blain & Postler, P.A. as Counsel for Debtor in Possession, Nunc Pro Tunc to Petition Date and to Pay a Retainer* has been furnished on this 9th day of February, 2018, by either direct electronic mail or U.S. mail to:

20 Largest Unsecured Creditors

and

- Jodi Daniel Cooke      jcooke@srbp.com;jcookeecf@srbp.com;lhathaway@srbp.com, lhathaway@srbp.com;jcooke.ecf@srbp.com
- Charles F. Edwards     charles.edwards@usdoj.gov
- Scott A. Stichter      sstichter.ecf@srbp.com
- United States Trustee     USTPRegion21.TL.ECF@usdoj.gov

/s/ Scott A. Stichter
Scott A. Stichter (FBN 0710679)
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida   33602
Telephone: (813) 229-0144
Email: sstichter@srbp.com
Attorneys for Debtor

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1129-1<br>Case 18-10018-KKS<br>Northern District of Florida<br>Gainesville<br>Fri Feb  9 13:00:09 EST 2018 | *3D Systems, Inc<br>P.O. Box 534963<br>Atlanta, GA 30353-4963 | *Bank of America, Business Card<br>PO Box 15796,<br>Wilmington, DE 19886-5796 |
| *Christopher L Jacobs<br>222 Crooked Tree Trail<br>Deland, FL 32724-3426 | *City of Gainesville<br>Billing and Collection<br>P.O. Box 490, STA 47<br>Gainesville, FL 32627-0490 | *Cushnoc Group, LLC<br>PO Box 498038<br>Cincinnati, OH 45249-7038 |
| (p)DELL FINANCIAL SERVICES<br>P O BOX 81577<br>AUSTIN TX 78708-1577 | *Demmer Corporation<br>24830 Network Place<br>Chicago, IL 60673-1248 | *Fidelity Investments<br>PO Box 73307<br>Chicago, IL 60673-7307 |
| *Florida Dept of Economic Opportunity<br>107 East Madison Street<br>Tallahassee, FL 32399-6508 | *Gilligan, Gooding & Franjola, P.A.<br>1531 SE 36th Avenue<br>Ocala, FL 34471-4936 | *Global Capital Markets Incorporated<br>19100 Von Karman Ave, #950<br>Irvine, CA 92612-6583 |
| *HSH Analytics LLC<br>PO Box 676<br>Hartwood, VA 22471-0676 | *Hutchison Law Group<br>3110 Edwards Mill Rd Ste 300<br>Raleigh, NC 27612-5419 | (p)IPFS CORPORATION<br>30 MONTGOMERY STREET<br>SUITE 1000<br>JERSEY CITY NJ 07302-3865 |
| *Ramsey UAS Consulting<br>6009 Macon Circle<br>Huntsville, AL 35802-1929 | *Southern Strategy Group<br>PO Box 10570<br>Tallahassee, FL 32302-2570 | *UF (MIST) Board of Trustees<br>UF Office of Research<br>33 Tigert Hall<br>PO Box 113001<br>Gainesville, FL 32611-3001 |
| *University of Florida Board of Trustees<br>Contracts and Grants<br>PO Box 113001<br>Gainesvile, FL 32611-3001 | *Wells Fargo Revolving Credit<br>PO Box 6426,<br>Carol Stream, IL 60197-6426 | *WinTec Arrowmaker, Inc.<br>12821 Old Fort Road Suite 302<br>Fort Washington, MD 20744-2837 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| *Dell Business Credit<br>P.O. Box 5275<br>Carol Stream, IL 60197-5275 | *IPFS Corporation<br>900 Ashwood Parkway Suite 370<br>Atlanta, GA 30338 | End of Label Matrix<br>Mailable recipients    20<br>Bypassed recipients     0<br>Total                  20 |

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION
www.flnb.uscourts.gov

In re:                                                            Chapter 11

PRIORIA ROBOTICS, INC.                           Case No. 10018-KKS

     Debtor.
_____/

**AFFIDAVIT IN SUPPORT OF DEBTOR'S
APPLICATION FOR AUTHORIZATION TO EMPLOY
STICHTER, RIEDEL, BLAIN & POSTLER, P.A. AS COUNSEL FOR
DEBTOR IN POSSESSION, *NUNC PRO TUNC* TO PETITION DATE**

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

     BEFORE ME, the undersigned authority, personally appeared Scott A. Stichter, an attorney with the firm of Stichter, Riedel, Blain & Postler, P.A., who, being duly sworn, submits the following statement in compliance with 11 U.S.C. §§ 327, 328 and 329 and Bankruptcy Rules 2014 and 2016 and deposes and says:

     1.    I am Scott A. Stichter. I am an attorney employed by the law firm of Stichter, Riedel, Blain & Postler, P.A. ("**Stichter Riedel**"), which is located at 110 East Madison Street, Suite 200, Tampa, Florida 33602. I am duly authorized to practice law in the State of Florida and am admitted to the bar of the United States District Court for the Northern District of Florida, as are most other attorneys with Stichter Riedel. Stichter Riedel and I represent the Debtor in this Chapter 11 case.

It is anticipated that Stichter Riedel will staff the case with senior and junior attorneys, as well as paralegals, depending upon the skill and experience required, the difficulty of the particular project, and the client's desires.

2. Unless otherwise stated, this Affidavit is based upon facts of which I have personal knowledge.

3. This Affidavit is submitted in order to comply with 11 U.S.C. §§327, 328 and 329, and Bankruptcy Rules 2014 and 2016.

4. In preparing this affidavit, I reviewed a list of creditors of the Debtor.

5. Stichter Riedel was contacted to advise Prioria Robotics, Inc. (the "**Debtor**") with respect to various legal and financial issues. Prior to the Petition Date, Stichter Riedel did not receive a retainer from the Debtor. Stichter Riedel performed legal services for the Debtor beginning in January 2018. All such services were performed in connection with or were related to the filing of the Chapter 11 case of the Debtor.

6. To the best of my knowledge, formed after reasonable inquiry, no attorney employed by Stichter Riedel holds any interest adverse to the Debtor, its estate, or any other parties in interest.

7. No attorney employed by Stichter Riedel holds a direct or indirect equity interest in the Debtor, or any of its affiliates, and no such attorney has any right to acquire such an interest.

2

8. No attorney employed by Stichter Riedel now holds, or has ever held, a direct or indirect equity interest (including stock, stock warrants or a partnership interest) in the Debtor, and no such attorney now has, nor has ever had, any right to acquire such an interest.

9. No attorney in Stichter Riedel is now, or has ever served in the past, as an officer, director or employee of the Debtor.

10. No attorney in Stichter Riedel is, or has ever been, in control of the Debtor or is a relative of a director, officer or person in control of the Debtor.

11. No attorney in Stichter Riedel is, or has ever been, a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

12. No attorney in Stichter Riedel is, or has ever served as, an officer, director or employee of a financial advisor which has been engaged by the Debtor in connection with the offer, sale or issuance of a security of the Debtor.

13. No attorney in Stichter Riedel has ever represented a financial advisor of the Debtor in connection with the offer, sale or issuance of a security of the Debtor.

14. To the best of my knowledge, no attorney in Stichter Riedel presently represents any creditor, general partner, lessor, lessee, party to an executory contract with the Debtor, or person otherwise adverse to the Debtor or the estate, on any matter related to the Debtor or its estate. Stichter Riedel does not believe

3

that any actual conflict of interest exists with respect to its representation of the Debtor.

15. Based on the foregoing, Stichter Riedel is disinterested as defined in 11 USC §101(14).

16. There is no agreement of any nature as to the sharing of any compensation to be paid to Stichter Riedel. The compensation of attorneys at Stichter Riedel is fixed from time to time by its board of directors.

17. Nothing herein is intended to waive, and does not waive, any attorney-client privilege with respect to confidential communications between the Debtor and Stichter Riedel.

18. This concludes my Affidavit.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Scott A. Stichter

SWORN TO AND SUBSCRIBED BEFORE ME this 9th day of February, 2018, by Scott A. Stichter, who is personally known to me and who did not take an oath.

_____
Notary Public State of Florida
My Commission Expires:

4