UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re:                                                         Chapter 7

PRIORIA ROBOTICS, INC.,                      CASE NO: 18-10018-KKS

      Debtor.

_____ /

**TRUSTEE'S APPLICATION TO EMPLOY AND
RETAIN DAMIEN H. PROSSER, ESQ. AND THE LAW FIRM OF
MORGAN & MORGAN, P.A. AS SPECIAL LITIGATION COUNSEL**

Theresa Bender, as the Chapter 7 Trustee (the "Trustee"), of the bankruptcy estates of Prioria Robotics, Inc. and Prioria Robotics Holdings, Inc. (collectively, the "Debtors"), pursuant to Sections 105, 327(e), 328(a), 330, and 331 Bankruptcy Code,[1] and Bankruptcy Rules[2] 2014 and 2016 requests authorization to employ and retain Damien Prosser ("Mr. Prosser") and the law firm of Morgan & Morgan, P.A. (the "Morgan Firm") as special counsel. In support, the Plan Administrator states as follows:

**Jurisdiction and Background**

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a "core" proceeding pursuant to 28 U.S.C. §§157(b)(2)(A).

---

[1] All references to the "Bankruptcy Code" are to the applicable section of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*.

[2] All references to a "Bankruptcy Rule" or the "Bankruptcy Rules" are to the applicable rule of the Federal Rules of Bankruptcy Procedure.

1

2. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. § 1408 and 1409.

3. On January 29, 2018 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code. (Doc. 1).

4. On February 14, 2018, the Court entered an order converting this matter to Chapter 7 case. (Doc. 45).

5. On April 4, 2018 the § 341 Creditors Meeting was conducted and the possibility of certain claims against the law firm of Gilligan, Gooding, Batsel & Franjola, P.A. as well as claims against the Debtors' directors and officers were discussed.

**Relief Requested**

6. The Trustee has concluded that the retention of special counsel is necessary and appropriate to investigate potential claims of the estates.

7. Specifically, by this application the Trustee seeks to retain the Morgan Firm in regard to the investigation and potential prosecution of claims against the law firm of Gilligan, Gooding, Batsel & Franjola, P.A., Hutchinson, PLLC, and certain individual attorneys employed by those firm (collectively, the "Gilligan Parties"), in connection with potential legal malpractice and breaches of fiduciary duty claims the estates may have against the Gilligan Parties (the "Malpractice Claim").

8. In addition, the Trustee seeks to retain the Morgan Firm in regard to the investigation and potential prosecution of claims against certain directors and officers of

the Debtors for negligence, breach of fiduciary duty, and other potential causes of action the estate may have against certain directors and officers of the Debtors (the "D&O Claim").

9. The Trustee has selected Mr. Prosser and the Morgan Firm because of their expertise in the areas of commercial, business tort, and contract litigation as well as bankruptcy adversary litigation. Mr. Prosser, would assume primary responsibility in the investigation and prosecution of the Malpractice and D&O Claims. Mr. Prosser has significant experience representing various clients in state and federal courts. The Morgan Firm maintains offices throughout Florida, Georgia, Alabama, Arkansas, Tennessee, Kentucky, Mississippi, New York and Pennsylvania.

10. The Trustee requests authority to employ the Morgan Firm as special counsel, under the following contingency terms and conditions:[3]

    a. The Morgan Firm will receive 30% of the Gross Value of any Recovery, if the Gilligan Claim or the D&O Claim settles prior to the filing of a complaint.

    b. If settlement of the Gilligan Claim or the D&O Claim occurs after the filing of a complaint, the Morgan Firm will receive 33 1/3% of Gross Value of any Recovery; and

    c. After the commencement of trial, the Morgan Firm will receive 40% of the Gross Value of any Recovery.

---

[3] The terms and conditions of the proposed representation are detailed in the proposed representation agreement.

11. The Trustee believes that the attorneys employed by the Morgan Firm are well qualified to act on her behalf.

12. The services of special counsel are necessary to enable the Trustee to execute faithfully her duties.

13. The services rendered by the proposed special counsel will not duplicate those of the Trustee.

14. As special counsel for the Trustee, and subject to the control and further order of this Court, the Morgan Firm will perform all necessary legal services in connection with investigating and prosecuting the Malpractice Claim and the D&O Claim.

15. It is both necessary and essential that the Trustee employ attorneys to render the foregoing professional services in connection with the Malpractice Claim and the D&O Claim, and the Morgan Firm has indicated a willingness to act as the Trustee's special counsel and perform such professional services on a contingent fee basis.

16. To the best of the Trustee's knowledge, the Morgan Firm has no connection with the Debtors, their respective creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as specifically set forth in the declaration of Damien H. Prosser submitted in support of this application.

WHEREFORE, the Trustee respectfully requests the entry of an order authorizing the retention and employment of Morgan & Morgan, P.A. to represent the Trustee as

4

special counsel in this case, under the terms and conditions set forth above, and granting such further relief as the Court deems appropriate.

DATED this 27th day of April 2018.

By: *s/ Theresa M. Bender*
**Theresa M. Bender**
Attorney at Law
Florida Bar No. 749486
Chapter 7 Private Panel Bankruptcy Trustee
U.S. Northern District of Florida
Tallahassee and Gainesville Districts
Tmbenderch7@gmail.com
(850) 205-7777

## CERTIFICATE OF SERVICE

I CERTIFY that on April 27, 2018, a true and accurate copy of this filing was served via U.S. Mail on the following parties and by the Electronic Court Filing System to all interested parties:

Scott A. Stichter
Stichter, Riedel, Blain & Postler, P.A.
110 East Madison Street
Suite 200
Tampa, Florida 33602
sstichter.ecf@srbp.com
Counsel for Debtor, Prioria Robotics, Inc.

Charles F. Edwards
Office of the United States Trustee
110 E. Park Avenue
Suite 128
Tallahassee, Florida 32301
charles.edwards@usdoj.gov
Counsel for the U.S. Trustee

*s/ Theresa M. Bender*
Theresa M. Bender

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**Gainesville Division**

In re:

Case No. 2018-10018-KKS
Chapter 7

PRIORIA ROBOTICS, INC.

      Debtor.

_____/

**DECLARATION IN SUPPORT OF TRUSTEE'S APPLICATION TO**
**EMPLOY AND RETAIN COUNSEL**

Damien H. Prosser, of the law firm of Morgan & Morgan, P.A., declares under penalty of perjury pursuant to the provisions of 28 U.S.C. §1746, that the following statements are true and correct:

1. I am Damien H. Prosser. I am a member of the Florida Bar and the bar of the United States Court for the Northern District of Florida.

2. I am duly authorized to practice law in the State of Florida and I am competent to provide this Declaration as required by Federal Rule of Evidence 601.

3. Unless I have otherwise stated, I have personal knowledge of the facts contained in this Declaration as required by Federal Rules of Evidence 602.

4. I am a partner with the law firm of Morgan & Morgan, P.A. (the "Firm") located at 20 North Orange Avenue, Suite 1600, Orlando, FL 32801. The Firm and I have been asked to serve as counsel to Theresa Bender, Chapter 7 Trustee (the "Trustee") of the bankruptcy estates of Prioria Robotics, Inc. and Prioria Robotics Holdings, Inc. (collectively, the "Debtors").

5. This Declaration is submitted in order to comply with Sections 327(a) and 328(a) of the Bankruptcy Code[1] and Bankruptcy Rules[2] 2014 and 2016.

6. The Firm maintains computerized indexes of all clients it is presently representing and has represented. For each prospective client, the Firm cross checks or otherwise refers to the conflict check index to ensure there is no conflict of interest. (the "<u>Conflict Check System</u>").

7. The Firm's Conflict Check System and related records are comprised of records maintained in the regular course of the Firm's business and it is the Firm's regular practice to make and maintain these records. The Conflict Check System and related records reflect documents and entries that are entered into the system at the time information becomes available by or at the direction of persons with personal knowledge of the matters contained therein. I am one of the persons who supplies information to the Conflict Check System and I regularly use and rely upon the information contained in the Conflict Check System in my practice of law.

8. The Firm represented Condor Aerial, LLC and Fred Culbertson in Condor Aerial, LLC v. Prioria Robotics, Inc., case number 2015-0002544 in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida. The case concluded in a $1,338,515 jury verdict against Prioria Robotics, Inc. Condor Aerial, LLC is a secured and unsecured creditor in this matter. The Firm currently represents Condor Aerial, LLC

---

[1] All references to the "Bankruptcy Code" are to the applicable section of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*
[2] All references to a "Bankruptcy Rule" or the "Bankruptcy Rules" are to the applicable rule of the Federal Rules of Bankruptcy Procedure.

2

in connection with the Debtors' bankruptcies. Condor Aerial, LLC and Fred Culbertson have no objection to the Firm's representation of the Trustee in these cases.

9. I and those who report to me have personally compared the lists of parties involved with potential claims against George Franjola, Gilligan, Gooding, Franjola & Batsel, P.A. (collectively, "GGF&B"), Scott Merrell, Hutchinson, PLLC, (collectively, "Hutchinson") Richard Molloy, Brian da Frota, Stephen Turner, Jason Grzywna, Karl Elderkin, Michael Hewitt, Scott Murphy, ("the Directors and Officers") with those persons or entities listed in the Conflict Check System, including the Trustee, the Debtors, the Debtors creditors' as reflected on the creditors' matrix.

10. The facts stated in this Declaration as to the relationship between me and the other lawyers in the Firm, the Trustee, the Debtors, the Debtors' creditors, other parties in interest, the U.S. Trustee and the attorneys representing the U.S. Trustee are based on my review of the Conflict Check System and my personal knowledge.

11. Based on my personal review of the Firm's Conflict Check System, I have ascertained the following information:

    a. No attorney in the Firm has represented any of the Debtors or any affiliate of any of the Debtors.

    b. No attorney in the Firm is or has served as an employee of any of the Debtors or an officer, director or employee of an affiliate any of the Debtors at any time.

    c. No attorney in the Firm represents GGF&B, Hutchinson or the Directors and Officers.

  d.  With the exception of Condor Aerial, LLC, no attorney in the Firm presently represents a creditor, general partner, lessor, lessee, party to an executory contract of the Debtors, or person otherwise adverse or potentially adverse to the Debtors or the estate.

  e.  Condor Aerial, LLC has expressly waived any conflict of interest that may exist by the Firm's representation of Condor Aerial and the Debtors.

  f.  The Firm is not a creditor of the Debtors and has no pre-petition claim against any of the Debtors.

  g.  No attorney in the Firm has been paid fees pre-petition or holds a security interest, guarantee, or other assurance of compensation for services performed and to be performed in the case.

12. Pursuant to the terms of its proposed representation agreement, the Firm has agreed to represent the Trustee on a contingency fee basis with rates similarly charged to other clients and will seek reimbursement of costs and expenses incurred in connection with this representation consistent with the Firm's fee agreement and the guidelines established by this Court and the Office of the United States Trustee.

13. The Firm has not received a retainer or any compensation in connection with this representation of the Trustee to date.

14. Except as otherwise described in Paragraphs 8 and 11, no attorney in the Firm has previously represented a creditor, general partner, lessor, lessee, party to an executory contract, or person who is otherwise adverse or potentially adverse to the Debtors or the estates, on any matter substantially related to the bankruptcy cases.

15. This concludes my declaration.

Pursuant to 28 U.S.C. Section 1746, I hereby declare under penalty of perjury, that the foregoing is true and correct executed on this 27th day of April, 2018.

By: *s/ Damien H. Prosser*
**Damien H. Prosser**
Florida Bar No. 0017455
**Cory S. Simmons**
Florida Bar No. 42301
**MORGAN & MORGAN, P.A.**
**Business Trial Group**
76 South Laura Street, Suite 1100
Jacksonville, Florida   32202
Telephone: (904) 361-4417
Facsimile: (904) 361-4378
Email: DProsser@forthepeople.com
Email: CSimmons@forthepeople.com
Email: JSantos@forthepeople.com