UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re:
Prioria Robotics, Inc.,   Case No. 18-10018-KKS
                          Chapter 7

    Debtor.
_____/

Theresa M. Bender, Chapter 7 Trustee,

    Plaintiff,
v.                         Adv. Proc. No. _____

CONDOR AERIAL, LLC,

    Defendant.
_____/

**COMPLAINT FOR THE AVOIDANCE
OF PREFERENTIAL TRANSFERS**

Theresa M. Bender, the duly appointed Chapter 7 Trustee for the bankruptcy estate of Prioria Robotics, Inc. ("Trustee"), pursuant to Section 547 of the Bankruptcy Code, files this complaint and, in support thereof, states as follows:

1. This is an action by the Trustee to avoid preferential transfers made to Condor Aerial, LLC ("Condor"), prior to the filing of the Debtor's bankruptcy petition.

2. On January 29, 2018, Debtor Prioria Robotics, Inc. filed for relief pursuant to Chapter 11 of the Bankruptcy Code. (the "Petition Date"). Thereafter,

on February 14, 2018, the Chapter 11 bankruptcy filing for Prioria Robotics, Inc. was converted to a filing under Chapter 7 of the Bankruptcy Code. (Doc. 45).

3. Theresa M. Bender ("Trustee") was subsequently appointed the Chapter 7 Trustee for the Prioria Robotics, Inc. bankruptcy estate.

4. Condor is a Florida Limited Liability Company, with its principal place of business in Monroe, North Carolina. Condor filed a secured claim in the Prioria Robotics, Inc. bankruptcy proceeding. (Claim 35-2).

5. The Court has jurisdiction over this Complaint pursuant to 11 U.S.C.§§157 and 1334, and this matter is a core proceeding under 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief sought herein are Sections 105(a), 547, and 550 of the Bankruptcy Code.[1]

## Background

6. Condor and the Debtor were engaged in litigation beginning in 2015, in the Circuit Court in the Eighth Judicial Circuit in and for Alachua County, Florida. This state-court litigation resulted in two judgments in favor of Condor.

---

[1] On January 28, 2020, the parties entered into a tolling agreement which extended the time for the Trustee to bring this action until July 28, 2020. (Doc. 458)

7. On October 3, 2017, the state court entered a judgment in favor of Condor for $186,000 (the "First Judgment"). A copy of the First Judgment is attached as Exhibit A.

8. A purportedly certified copy of the First Judgment was recorded in Alachua County, Florida on October 10, 2017.

9. An electronic judgment lien certificate regarding the First Judgment was filed with the Secretary of State on November 1, 2017 (the "First Judgment Lien Certificate"). A copy of the First Judgment Lien Certificate is attached as Exhibit B.

10. On January 10, 2018, the state court entered a subsequent judgment in favor of Condor for $1,338,515 (the "Second Judgment"). A copy of the Second Judgment is attached as Exhibit C.

11. A purportedly certified copy of the Second Judgment was recorded in Alachua County, Florida on January 16, 2018.

12. An electronic judgment lien certificate regarding the Second Judgment was filed with the Secretary of State on January 17, 2018 (the "Second Judgment Lien Certificate"). A copy of the Second Judgment Lien Certificate is attached as Exhibit D.

13. Upon information and belief, the First Judgment was not recorded in a properly certified form, and therefore no lien attached as result of its filing.

Moreover, Prioria Robotics, Inc. did not own any real property in Alachua County for the First Judgment or Second Judgment to create a lien.

14. As the Petition Date was January 29, 2018, the 90-day lookback period allows the Trustee to avoid preferences occurring on or after October 31, 2017. Both the First Judgment Lien Certificate and Second Judgment Lien Certificate were filed after October 31, 2017.

15. To the extent a lien attached to the personal or real property of the Debtor as a result of the above, each such attachment constitutes a Transfer.

16. Additionally, and alternatively, the Second Judgment Lien Certificate was filed before the time for rehearing had lapsed, and is therefore a legal nullity under section 55.202, Florida Statutes.

17. Additionally, and alternatively, to the extent any lien was created by the filing of judgment lien certificates or the filing of certified judgments, such liens attached during the avoidance period.

**Count I – Avoidance of Preferential Transfers under 11 U.S.C. §547**

18. The Trustee reasserts the allegations of Paragraphs 1 through 17 as if fully stated herein.

19. The Transfers to Defendant Condor constitute avoidable preferential transfers pursuant to 11 U.S.C. §547.

20. The Transfers to Defendant Condor were to or for the benefit of the Defendant.

21. The Transfers to Defendant Condor were made for or on account of an antecedent debt or debts owed by the Debtor to Defendant Condor before the Transfers were made.

22. The Transfers to Defendant Condor were made while the Debtor was insolvent.

23. The Transfers to Defendant Condor were made within the ninety days preceding the Petition Date.

24. The Transfers enabled Defendant Condor to receive more than it would have received if: (i) this case were a case under Chapter 7 of the Bankruptcy Code; (ii) if the Transfers had not been made; and (iii) if the Defendant received payment on the subject antecedent debt(s) in accordance with applicable provisions of the Bankruptcy Code.

25. Based upon the foregoing, the Transfers to Defendant constitute avoidable preferential transfers pursuant to 11 U.S.C. §547.

WHEREFORE, the Theresa M. Bender, Chapter 7 Trustee, respectfully requests:

(a) that the Court enter a judgment avoiding the Transfers to Defendant Condor as preferential pursuant to 11 U.S.C. §547;

(b) disallow Defendant Condor's Claim to the extent it is secured by the above Transfers or purported Transfers;

(c) judgment be rendered in favor of the Trustee and against Defendant Condor for reasonable attorneys' fees and costs incurred in prosecuting the causes of action herein;

(d) that all costs of this action be assessed against Defendant Condor; and

(e) for such other and further relief as is just and proper.

**Count II – Declaratory Judgment to Determine the Validity, Extent, and Priority of Defendant Condor's Liens, Claims, and Encumbrances on the Debtor's Property**

26. The Trustee reasserts the allegations of Paragraphs 1 through 17 as if fully stated herein.

27. This is an action for equitable and declaratory relief brought pursuant to 7001(2), Fed. R. Civ. P., and 11 U.S.C. §363(p)(2) to determine the validity, extent, and priority of Defendant Condor's liens, claims, and encumbrances, and interests in Prioria Robotics, Inc.'s property.

28. The Trustee objects to the secured nature of Defendant Condor's Claim, on the grounds that, pursuant to 11 U.S.C. §§502(d) & 547, Defendant Condor's Claim should be allowed only as unsecured creditor of the Debtor's Estate.[2]

---

[2] The Trustee reserves the right to object to Defendant Condor's Claim on any other grounds.

29.    Additionally, and alternatively, no lien attached pursuant to the filings described above, and Condor's claim is therefore not secured regarding that filing.

WHEREFORE, the Theresa M. Bender, Chapter 7 Trustee, respectfully requests:

(a) that the Court enter a declaratory judgment that determines the validity, extent, and priority of Defendant Condor's claim of lien on Prioria Robotics, Inc.'s property;

(b) disallow Defendant Condor's Claim to the extent it failed to comply with the applicable state law requirements for perfecting a judgment lien;

(c) judgment be rendered in favor of the Trustee and against Defendant Condor for reasonable attorneys' fees and costs incurred in prosecuting the causes of action herein;

(d) that all costs of this action be assessed against Defendant Condor; and

(e) for such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED this 27th day of July 2020.

*/s/ Kevin A. Forsthoefel*
Kevin A. Forsthoefel
Florida Bar No.  92382
Ausley McMullen
123 South Calhoun Street (32301)
Tallahassee, Florida 32302
(850)224-9115; Fax (850)222-7560
kforsthoefel@ausley.com
*Attorney for Theresa M. Bender,*
*Chapter 7 Trustee*

RECORDED IN OFFICIAL RECORDS
INSTRUMENT # 3085223   2   PG(S)
10/10/2017 2:17 PM
BOOK 4549   PAGE 2265
J.K.'JESS' IRBY
Clerk of the Court, Alachua County, Florida
ERECORDED   Receipt # 794980
Doc Stamp-Mort: $0.00
Doc Stamp-Deed: $0.00
Intang. Tax: $0.00

**EXHIBIT A**

IN THE CIRCUIT COURT OF THE
EIGHTH JUDICIAL CIRCUIT IN AND
FOR ALACHUA COUNTY, FLORIDA

PRIORIA ROBOTICS, INC.,

    Plaintiff,

vs.

CASE NO: 2015-0002544

DIV: K

CONDOR AERIAL, LLC and
FRED CULBERTSON,

    Defendants.

_____/

## FINAL JUDGMENT
### (Count II of Amended Counterclaim Only)

THIS CAUSE came before the Court on the Motion for Final Judgment on Count II of the Amended Counterclaim filed by Defendant, CONDOR AERIAL, LLC, against Plaintiff, PRIORIA ROBOTICS, INC., and the Court, being duly advised in the premises, **ORDERS** and **ADJUDGES** as follows:

1. Defendant's Motion for Final Judgment on Count II of the Amended Counterclaim is hereby GRANTED, and Final Judgment is hereby entered against PRIORIA ROBOTICS, INC. on Count II of the Amended Counterclaim.

2. CONDOR AERIAL, LLC (whose address is 1012 Village Lake Drive, Monroe, North Carolina, 28110) shall recover from PRIORIA ROBOTICS, INC. (whose address is is 606 SE Depot Avenie, Gainesville, Florida, 32601) the sum of **$186,000** in damages, which shall bear interest at the statutory rate, for which let execution issue *instanter*.

3. CONDOR AERIAL, LLC, is also entitled to recover attorneys' fees and costs against PRIORIA ROBOTICS, INC. The Court will rule on the amount of such fees and costs upon appropriate motion.



4. PRIORIA ROBOTICS, INC. shall complete under oath Florida Rule of Civil Procedure Form 1.977(b) ("Fact Information Sheet"), including all required attachments, and serve it on Defendant's counsel within forty-five (45) days from the date of this Final Judgment, unless the Final Judgment is satisfied or post-judgment discovery is stayed.

5. The Court hereby retains jurisdiction to conduct such further proceedings as may be necessary to: (a) compel completion of the Fact Information Sheet; (b) determine the amount of Defendant's attorneys' fees and costs that are recoverable; and (c) provide additional relief as may be just and proper under the circumstances.

ORDERED at Chambers in Alachua County, Florida, on _October 3_, 2017.

MONICA BRASINGTON
CIRCUIT JUDGE

10/4/17 (Rwo)

Copies to:
George Franjola, Esq. gfranjola@ocalalaw.com, astyles@ocalalaw.com
Cory Simmons, Esq. csimmons@forthepeople.com, jsantos@forthepeople.com

5

# ELECTRONIC JUDGMENT LIEN CERTIFICATE

**EXHIBIT B**

FOR PURPOSES OF FILING A JUDGMENT LIEN, THE FOLLOWING INFORMATION IS SUBMITTED IN ACCORDANCE WITH s. 55.203, F.S..

**JUDGMENT DEBTOR (DEFENDANT) NAME(S) AS SHOWN ON JUDGMENT LIEN:**

PRIORIA ROBOTICS, INC.
606 SE DEPOT AVE
GAINESVILLE, FL. 32601
FEI#:   -          DOS DOCUMENT#: P1100010645

PRIORIA ROBOTICS, INC.
606 SE DEPOT AVE
GAINESVILLE, FL. 32601
FEI#:   -          DOS DOCUMENT#: P0300002

**J17000605495**
FILED
Nov 01, 2017 10:58 A.M.
Secretary of State
MHCAIN

**JUDGMENT CREDITOR (PLAINTIFF) NAME AS SHOWN ON JUDGMENT LIEN OR CURRENT OWNER OF JUDGMENT IF ASSIGNED:**

CONDOR AERIAL, LLC
1012 VILLAGE LAKE DR.
MONROE, NC 28110
DOS DOCUMENT#:  L1200001312

NAME AND ADDRESS TO WHOM ACKNOWLEDGMENT/CERTIFICATION IS TO BE MAILED:

CORY SIMMONS
CSIMMONS@FORTHEPEOPLE.COM

AMOUNT DUE ON MONEY JUDGMENT: 192533.27
APPLICABLE INTEREST RATE: 5.35%
NAME OF COURT: CIRCUIT COURT ALACHUA COUNTY
CASE NUMBER: 2015CA0002544
DATE OF ENTRY: 10/03/17
WAS A WRIT OF EXECUTION DOCKETED ON THIS JUDGMENT LIEN WITH ANY SHERIFF PRIOR TO OCTOBER 1, 2001?
    ( ) YES   (IF YES, A "CREDITOR AFFIDAVIT CERTIFICATION" FORM MUST BE ATTACHED TO THIS CERTIFICATE.)
    (X) NO

UNDER PENALTY OF PERJURY, I hereby certify that: (1)  The judgment above described has become final and there is no stay of the judgment or its enforcement in effect; (2)  All of the information set forth above is true, correct, current and complete; (3)  I have not previously filed a Judgment Lien Certificate regarding the above judgment with the Department of State; and, (4)  I have complied with all applicable laws in submitting this Electronic Judgment Lien Certificate for filing.

Electronic Signature of Creditor or Authorized Representative: CORY SIMMONS

RECORDED IN OFFICIAL RECORDS
January 16, 2018  11:13:13 AM
Book 4569 Page 1861
J.K. 'JESS' IRBY Clerk Of Court
ALACHUA COUNTY, Florida

15CA2544

**EXHIBIT C**

IN THE CIRCUIT COURT OF THE
EIGHTH JUDICIAL CIRCUIT IN AND FOR
ALACHUA COUNTY, FLORIDA

CONDOR AERIAL, LLC

    Plaintiff,

vs.

PRIORIA ROBOTICS, INC.

    Defendant.

CASE NO: 2015-0002544

DIV: K

**RECORDED IN OFFICIAL RECORDS**
**INSTRUMENT # 3100977    2    PG(S)**
1/16/2018 10:49 AM
BOOK 4569      PAGE 1851
J.K. 'JESS' IRBY
Clerk of the Court, Alachua County, Florida
ERECORDED                    Receipt # 808985
Doc Stamp-Mort: $0.00
Doc Stamp-Deed: $0.00
Intang. Tax: $0.00

## FINAL JUDGMENT AS TO COUNTS I AND III OF AMENDED COUNTERCLAIM

THIS CAUSE came before the Court on the Motion for Final Judgment on Counts I and III of the Amended Counterclaim filed by CONDOR AERIAL, LLC, against PRIORIA ROBOTICS, INC., and the Court, being duly advised in the premises, **ORDERS** and **ADJUDGES** as follows:

1. Plaintiff's Motion for Final Judgment on Counts I and III of the Amended Counterclaim is hereby GRANTED, and Final Judgment is hereby entered against PRIORIA ROBOTICS, INC. on Counts I and III of the Amended Counterclaim.

2. The jury awarded CONDOR AERIAL, LLC the sum of $1,338,515.00 in damages, which shall bear interest at the statutory rate.

3. CONDOR AERIAL, LLC (whose address is 1012 Village Lake Drive, Monroe, North Carolina, 28110) shall recover from PRIORIA ROBOTICS, INC. (whose address is is 606 SE Depot Avenue, Gainesville, Florida, 32601) the sum of $1,338,515.00 in damages, which shall bear interest at the statutory rate, for which let execution issue *instanter*.




ALACHUA COUNTY, FL
J.K. "JESS" IRBY
18 JAN 10 PM 2:24
CK 03
FILED

1

Case: 2015 CA 002544
Dkt: FJ01-R

4. PRIORIA ROBOTICS, INC. shall complete under oath Florida Rule of Civil Procedure Form 1.977(b) ("Fact Information Sheet"), including all required attachments, and serve it on CONDOR AERIAL, LLC'S counsel within forty-five (45) days from the date of this Final Judgment, unless the Final Judgment is satisfied or post-judgment discovery is stayed.

5. The Court hereby retains jurisdiction to conduct such further proceedings as may be necessary to: (a) compel completion of the Fact Information Sheet; and (b) provide additional relief as may be just and proper under the circumstances.

6  The Court reserves to determine prejudgment interest or costs, if any.

ORDERED at Chambers in Alachua County, Florida, on January 10th, 2018.

STANLEY H. GRIFFIS, III
CIRCUIT JUDGE

Copies to:
George Franjola, Esq.
Cory Simmons, Esq.

2

J. K. "Jess" Irby, Circuit and County Court Clerk, Alachua County, Florida, certifies this is a true copy of the document of record in this office, which may have been redacted as required by law. Witness my hand and seal on 16 January 2018.
J. K. "Jess" Irby, Clerk of the Circuit Court
By: _____ Deputy Clerk

# ELECTRONIC JUDGMENT LIEN CERTIFICATE

**EXHIBIT D**

FOR PURPOSES OF FILING A JUDGMENT LIEN, THE FOLLOWING INFORMATION IS SUBMITTED IN ACCORDANCE WITH s. 55.203, F.S..

**JUDGMENT DEBTOR (DEFENDANT) NAME(S) AS SHOWN ON JUDGMENT LIEN:**

PRIORIA ROBOTICS, INC.
606 SE DEPOT AVENUE
GAINESVILLE, FL. 32601
FEI#: 45--404413   DOS DOCUMENT#: P0300002803

J18000022400
FILED
Jan 17, 2018 11:06 A.M.
Secretary of State
MHCAIN

**JUDGMENT CREDITOR (PLAINTIFF) NAME AS SHOWN ON JUDGMENT LIEN OR CURRENT OWNER OF JUDGMENT IF ASSIGNED:**

CONDOR AERIAL, LLC
1012 VILLAGE LAKE DRIVE
MONROE, NC 28110
DOS DOCUMENT#: L1200001312

**NAME AND ADDRESS TO WHOM ACKNOWLEDGMENT/CERTIFICATION IS TO BE MAILED:**

CORY SIMMONS
CSIMMONS@FORTHEPEOPLE.COM

AMOUNT DUE ON MONEY JUDGMENT: 1338515.00
APPLICABLE INTEREST RATE: 4.75%
NAME OF COURT: CIRCUIT COURT EIGHTH CIRCUIT
CASE NUMBER: 2015CA2544
DATE OF ENTRY: 01/10/18
WAS A WRIT OF EXECUTION DOCKETED ON THIS JUDGMENT LIEN WITH ANY SHERIFF PRIOR TO OCTOBER 1, 2001?
   ( ) YES   (IF YES, A "CREDITOR AFFIDAVIT CERTIFICATION" FORM MUST BE ATTACHED TO THIS CERTIFICATE.)
   (X) NO

UNDER PENALTY OF PERJURY, I hereby certify that: (1) The judgment above described has become final and there is no stay of the judgment or its enforcement in effect; (2) All of the information set forth above is true, correct, current and complete; (3) I have not previously filed a Judgment Lien Certificate regarding the above judgment with the Department of State; and, (4) I have complied with all applicable laws in submitting this Electronic Judgment Lien Certificate for filing.

Electronic Signature of Creditor or Authorized Representative: CORY SIMMONS