**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**(Gainesville Division)**

In re:                                                                                          Case No.: 18-10018-KKS

**PRIORIA ROBOTICS, INC.**                                           Chapter 11

_____/

### RESPONSE OPPOSING CONDOR'S OBJECTION [CP 508] TO NOTICE OF INTENT TO SELL [CP 504)

COME NOW unsecured creditors: Southeast Community Development Fund I, LLC; Southeast Community Development Fund II, LLC; Ninth Avenue South Investments, III, LLC; and Athenian Venture Partners III, L.P., by and through their undersigned counsel, and file this their Response Opposing Condor's Objection [CP 508] to the Trustee's Notice of Intent to Sell [CP 504] and state as follows:

1. The Trustee obtained authorization of this Court to market, advertise and sell the Debtor's assets by order dated May 13, 2019 [CP 266].

2. Unbeknownst to these creditors, the Trustee appears to have entertained an *offer* from creditor Condor Aerial, LLC to purchase the assets for $100,000.00, though the terms were not disclosed to the creditor body or approved by an order of this court. A copy of a purported Letter of Intent confirming the offer is attached to Condor's Objection.

3. While the Letter of Intent is countersigned by the Trustee, no sale was disclosed to the general creditors, terms were not approved by this Court, no auction process was employed, and the Trustee had no power to bind the Estate to such an offer as Condor contends she did.

*Creditors Would Have Objected To Sale for $100,000.00 Without a Bidding Process Had Such A Sale Been Noticed by the Trustee*

1

MITRANI, RYNOR, ADAMSKY & TOLAND, P.A.
1200 Weston Road, Third Floor, Weston Fl., 33326
Tel: (954) 335-1010 / Fax: (954) 335-1017

4. Condor Aerial is asking the Court to compel sale for $100,000.00 without competitive bidding. However no such sale was described in any notice to creditors. Sale on terms not noticed to the creditors is not within the power of the Trustee, and must not be approved by this Court.

5. The distinction between bidding and non-bidding terms is not merely hypothetical. Had the Trustee published intent to sell the assets to Condor Aerial for $100,000.00 without an auction or counter-bidding process, these creditors may well have objected, since it is believed the assets had greater value if the right bidding parties were identified and allowed to participate. Further, such a sale would have been viewed as collusive.

6. Belief that the assets are worth more than $100,000.00 was borne out as the bidding process result in a sale for $195,000.00.

7. If this Court were to entertain sale to Condor Aerial for $100,000.00 notwithstanding that bidding resulted in a higher price, these creditors would object that Condor Aerial's purchase was not in good faith. Such a sale would be collusive and would constitute grossly unfair disadvantage to other bidders interested in the assets and foreclosed from an opportunity to bid, and to the creditors standing to benefit from greater sale prices. *In re Abbotts Dairies of PA, Inc*., 788 F.2d 143 (3d Cir. 1986).

### *Sale to Condor for $100,000.00 (the Pre-Bidding Price) Would Not Be In the Best Interest of the Estate*

8. The Order Granting Trustee's Motion for §363 Sale established only the preliminary right of the Trustee to market and negotiate to sell – it did not approve any actual sale or any actual sale procedure. The Sale Order states that sales must comply with the requirements of §363 and Local rule 6004-1, including among other things, notice and an opportunity for creditors and interested parties to object, and Court approval of the final buyer(s) sale price and terms [CP 266].

9. The key objective in any sale of property of a bankruptcy estate conducted pursuant to §363 is to

2

MITRANI, RYNOR, ADAMSKY & TOLAND, P.A.
1200 Weston Road, Third Floor, Weston Fl., 33326
Tel: (954) 335-1010 / Fax: (954) 335-1017

maximize the value received by the estate. *In re Mushroom Transp. Co.*, 382 F.3d 325 (3d Cir. 2004) (concluding that a trustee has a fiduciary duty to protect and maximize the estate's assets). Procedures requiring bidding support this objective and are appropriate in the context of bankruptcy estate sales. *In re O'Brien Envtl. Energy, Inc.*, 282 F.3d 527 (3d Cir. 1999).

10. Sale to Condor Aerial for $100,000.00, after competitive bidding resulted in a sale for $195,000.00, would fail to maximize recovery to the Estate and would run contrary to the interests of the creditors, including these responding creditors.

WHEREFORE, these creditors pray this Court deny Condor Aerial's objection and approve the sale as described in the Trustee's Notice of Intent to Sell and as conducted by the Trustee, for $195,000.00, or to the next highest bidder should Condor Aerial fail to fund the balance of the purchase price timely.

MITRANI, RYNOR, ADAMSKY & TOLAND, P.A.
1200 Weston Road, Third Floor
Weston, FL   33326
Tel.: (954) 335-1010
jwebb@mitrani.com

By: s/ James J. Webb
_____
James J. Webb, Esquire
Fla. Bar No.: 0080993

MITRANI, RYNOR, ADAMSKY & TOLAND, P.A.
1200 Weston Road, Third Floor, Weston Fl., 33326
Tel: (954) 335-1010 / Fax: (954) 335-1017

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Northern District of Florida, and that a true and correct copy of the foregoing have been served this 29th of September, 2020 on all Electronic Filing Users who have consented to such service in this bankruptcy case, and/or via First Class U.S. Mail, unless stated otherwise, upon the parties listed on the attached Service List and mailing matrix, as applicable.

Rich Villa, on behalf of Dell Financial Services, LLC, 811 Barton Springs Rd., Suite 811, Austin, TX 78704, villa@slollp.com;

Jacob Aaron Brown on behalf of Creditor City of Gainesville jacob.brown@akerman.com;

Jessica.gibson@akerman.com; jennifer.meehan@akerman.com; Katherine.fackler@akerman.com

Seldon J. Childers on behalf of Creditor Novus Capital Group jchilders@smartbizlaw.com, ellen.lord@smartbizlaw.com ; jkirkconnell@smartbizlaw.com ; documents@prodoxprep.com ; melissa.kulczycke@smartbizlaw.com ; childers@ecf.courtdrive.com

Jodi Daniel Cooke on behalf of Debtor Prioria Robotics, Inc. jcooke@srbp.com; jcookeecf@srbp.com; lhathaway@srbp.com; lhathaway@srbp.com; jcooke.ecf@srbp.com

Rebekah Ann Davis on behalf of Creditor Florida Department of Economic Opportunity rebekah.davis@deo.myflorida.com; deoeservice@deo.myflorida.com; Stephanie.Chatham@deo.myflorida.com

Adrian C Delancy on behalf of Interested Party Carolina Casualty Insurance Company adelancy@mrthlaw.com; gruiz@mrthlaw.com

Charles F. Edwards on behalf of U.S. Trustee United States Trustee charles.edwards@usdoj.gov

Jerry M Markowitz on behalf of Carolina Casualty Insurance Company jmarkowitz@mrthlaw.com ; ycandia@mrthlaw.com

Ryan C Reinert on behalf of Creditor WinTec Arrowmaker, Inc. rreinert@shutts.com ; juanitasanchez@shutts.com

Alan R Rosenberg on behalf of Interested Party Carolina Casualty Insurance Company arosenberg@mrthlaw.com ; gruiz@mrthlaw.com

Scott A. Stichter on behalf of Attorney Stichter Riedel Blain & Postler, P.A. sstichter.ecf@srbp.com

United States Trustee USTPRegion21.TL.ECF@usdoj.gov

Theresa M. Bender, Chapter 7 Trustee Tmbenderch7@gmail.com

Cory Simmons on behalf of Creditor Condor Aerial, LLC, csimmons@forthepeople.com

                MITRANI, RYNOR, ADAMSKY & TOLAND, P.A.
                1200 Weston Road, Third Floor
                Weston, FL   33326
                Tel.: (954) 335-1010
                jwebb@mitrani.com

                    *s/ James J. Webb*
            By:_____
                James J. Webb, Esquire
                Fla. Bar No.: 0080993